| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| BRIAN L. DAVIDOFF (SBN 102654)<br>BDavidoff@GreenbergGlusker.com<br>C. JOHN M. MELISSINOS (SBN 149224)<br>JMelissinos@GreenbergGlusker.com<br>COURTNEY E. POZMANTIER (SBN 242013)<br>CPozmantier@GreenbergGlusker.com<br>GREENBERG GLUSKER FIELDS CLAMAN<br>& MACHTINGER LLP<br>1900 Avenue of the Stars, 21st Floor<br>Los Angeles, California  90067-4590<br>Telephone:  310.553.3610<br>Fax:  310.553.0687 | |

☐ *Individual appearing without attorney*
☒ *Proposed General Bankruptcy Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -  LOS ANGELES DIVISION**

| In re:<br><br>RHYTHM AND HUES, INC.,<br><br><br><br>Debtor(s). | CASE NO.: 2:13-bk-13775-NB<br><br>CHAPTER: 11<br><br>**NOTICE OF SALE OF ESTATE PROPERTY**<br>Sale Hearing<br>Date:  March 28, 2013<br>Time:  3:00 p.m.<br>Place:  Courtroom 1545<br>         255 E. Temple Street<br>         Los Angeles, CA 90012 |
|---|---|

| **Sale Date: March 28, 2013** | **Time: 9:00 a.m.** |
|---|---|
| **Location: Greenberg Glusker Fields Claman & Machtinger LLP** | |

**Type of Sale**:  ☒ Public    ☐ Private        **Last date to file objections**: March 25, 2013 (see Exhibit 1)

**Description of property to be sold**:  Substantially all the assets of the bankruptcy estate.  See attached Exhibit 1.

**Terms and conditions of sale**:  The sale will be free and clear of liens, claims and interests.  See Exhibit 1

**Proposed sale price**:  $1,000,000 plus assumed liabilities.  See Exhibit 1.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

74262-00017/1911811.1

*December 2012*                                   Page 1                                   **F 6004-2.NOTICE.SALE**

**Overbid procedure (*if any*)**:  <u>See Exhibit 1.</u>

**If property is to be sold free and clear of liens or other interests, list date, time and location of hearing:**

<u>Date:  March 28, 2013</u>
<u>Time:   3:00 p.m.</u>
<u>Place:  Courtroom 1545</u>
<u>        255 E. Temple Street</u>
<u>        Los Angeles, CA 90012</u>

**Contact person for potential bidders (*include name, address, telephone, fax and/or email address*):**
<u>COURTNEY E. POZMANTIER (SBN 242013)</u>
<u>CPozmantier@GreenbergGlusker.com</u>
<u>Greenberg Glusker Fields Claman & Machtinger LLP</u>
<u>1900 Avenue of the Stars, 21st Floor</u>
<u>Los Angeles, California  90067-4590</u>
<u>Telephone:  310.553.3610</u>
<u>Fax:  310.553.0687</u>

Date:  <u>March 13, 2013</u>

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

74262-00017/1911811.1

*December 2012*                              Page 2                    **F 6004-2.NOTICE.SALE**

# EXHIBIT "1"

BRIAN L. DAVIDOFF (SBN 102654)
BDavidoff@GreenbergGlusker.com
C. JOHN M. MELISSINOS (SBN 149224)
JMelissinos@GreenbergGlusker.com
COURTNEY E. POZMANTIER (SBN 242013)
CPozmantier@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California  90067-4590
Telephone:  310.553.3610
Fax:  310.553.0687

Proposed General Bankruptcy Attorneys for
Debtor and Debtor in Possession

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>RHYTHM AND HUES, INC.,<br><br>     Debtor and Debtor in  Possession. | Case No. 2:13-bk-13775-NB<br><br>Chapter 11<br><br>**NOTICE OF: (1) DEBTOR'S MOTION TO SELL ASSETS PURSUANT TO ASSET PURCHASE AGREEMENT, FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS, AND TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (2) HEARING THEREON, AND (3) OPPORTUNITY TO OVERBID FOR ASSETS**<br><br>Sale Hearing<br>Date:  March 28, 2013<br>Time:  3:00 p.m.<br>Place:  Courtroom 1545<br>       255 E. Temple Street<br>       Los Angeles, CA 90012 |

     **PLEASE TAKE NOTICE** that Rhythm And Hues, Inc., debtor and debtor in possession (the "Debtor")
seeks to sell substantially all of its assets as further described in this Notice.

- 1 -

**PLEASE TAKE FURTHER NOTICE** that on March 2, 2013, the Debtor filed a motion seeking approval of, among other things, bidding procedures (the "Bid Procedures") that govern the manner in which substantially all of the Debtor's assets (the "Acquired Assets") are to be sold.

**PLEASE TAKE FURTHER NOTICE** that on March 13, 2013, the Court entered an order (the "Bid Procedures Order") approving, among other things, the Bid Procedures, a break-up fee in the amount of $425,000 (the "Break-Up Fee") in favor of JS Communications Co., Ltd., which, in accordance with a letter of intent dated March 7, 2013 with the Debtor (the "JS LOI"), was designated as the stalking horse bidder (the "Stalking Horse Bidder"), and setting key dates and times relating to the sale of the Acquired Assets.  As set forth in the Bid Procedures, the sale of the Acquired Assets is subject to competing offers from any prospective qualified bidder. *All interested potential bidders should carefully read the Bid Procedures.*

**PLEASE TAKE FURTHER NOTICE** that all interested parties are invited to make offers to purchase the Acquired Assets in accordance with the Bid Procedures and Bid Procedures Order.

**PLEASE TAKE FURTHER NOTICE** that all parties have the opportunity to present competing bids for the Acquired Assets.  Attached hereto as Exhibit A is a copy of the Bid Procedures approved by the Bid Procedures Order, setting forth dates, deadlines and procedures for due diligence, the submission of competing bids, the conduct of an auction and related matters.  As set forth in Exhibit A, the deadline for submission of bids is March 22, 2013.  If the Debtor receives more than one bid that meets the qualification standards set forth in the Bid Procedures (a "Qualified Bid"), the Debtor shall conduct an auction on March 27, 2013 at 9:00 a.m. at the offices of Greenberg Glusker Fields Claman & Machtinger LLP, 1900 Avenue of the Stars, 21st Floor, Los Angeles, CA 90067-4590.

**PLEASE TAKE FURTHER NOTICE** that on March 28, 2013 at 3:00 p.m. (Pacific time), a hearing (the "Sale Hearing") will be held before the Honorable Neil W. Bason, United States Bankruptcy Judge, in Courtroom 1545 in the Royal Federal Building and Courthouse, at 255 E. Temple Street, Los Angeles, CA 90012, on the *Debtor's Motion For Orders: (1) Approving Sale Of Debtor's Assets Under Asset Purchase Agreement Free And Clear Of Liens, Claims And Interests, (2) Approving Assumption And Assignment Of Unexpired Leases And Executory Contracts, [and Other Relief]* (the "Motion")[1] [Docket No. 77].

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and the declarations filed in support thereof may be obtained by accessing PACER through the United States Bankruptcy Court website for the Central District of California at www.cacb.uscourts.gov, or from the website maintained by the Debtor's proposed claims and noticing agent at http://www.omnimgt.com/Rhythmhues, or by contacting the Debtor's proposed general bankruptcy attorneys, Greenberg Glusker Fields Claman & Machtinger LLP, Attn:  Kaitlin L. Woodson, Paralegal, by telephone at (310) 553-3610, facsimile at (310) 553-0687, or email at kwoodson@greenbergglusker.com.

**PLEASE TAKE FURTHER NOTICE** that the Motion requests that the Court enter orders pursuant to, *inter alia*, sections 105, 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule ("LBR") 6004:

1.  Approving the sale of substantial assets of the Debtor, free and clear of all liens, claims and interests pursuant to that certain asset purchase agreement attached as Exhibit 4 to the Motion or such other asset purchase agreement as may be agreed upon by the Debtor with the Stalking Horse Bidder or pursuant to

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

- 2 -

the modified form of asset purchase agreement (all collectively, the "APA") negotiated with the prevailing bidder for the Debtor's assets (the "Buyer");

2.  Approving the assumption and assignment of executory contracts and unexpired leases of the Debtor pursuant to the APA, determining that there are no defaults under such contracts and leases other than the payment of certain cure amounts proposed by the Debtor ("Cure Amounts"), if any, and determining that the Buyer has provided adequate assurance of future performance under such contracts and leases;

3.  Approving the APA and all of the transactions contemplated thereby.

4.  Finding that the Buyer is a good faith purchaser entitled to the protections of Bankruptcy Code 363(m);

5.  Providing that all of the foregoing relief shall be effective immediately upon entry of the applicable order granting such relief, and that any stay of such order under Bankruptcy Rules 6004(h) and 6004(d) is waived and shall not be applicable; and

6.  Granting such other and further relief as the Court deems just and appropriate under the circumstances.

**PLEASE TAKE FURTHER NOTICE** that the Motion is supported by the memorandum of points and authorities annexed thereto, the Declarations of Peter S. Fishman and John Patrick Hughes annexed thereto,  the *Supplemental Declaration of Peter S. Fishman* filed in support thereof, the *Declaration of John Patrick Hughes in Support of First Day Motions* [Docket No. 9] (the "Hughes First Day Declaration"), *Declaration of John F. Hedge in Support of First Day Motions* [Docket No. 8] (the "Hedge First Day Declaration"), any oral or documentary evidence presented at or prior to the hearings on the Motion, and the arguments and representations of counsel made at the hearings on the Motion.

**PLEASE TAKE FURTHER NOTICE** that by order of the Court, except with respect to the Committee and any Prospective Bidder, March 25, 2013 is the deadline to file any opposition and supporting evidence thereto with respect to the proposed sale of assets free and clear of liens, claims and interests.  With respect to the Committee and any Prospective Bidder, the deadline to file such opposition is March 28, 2013 at 10:00 a.m.

Except as to the question of adequate assurance of future performance, the deadline to file any opposition and supporting evidence thereto with respect to the assumption and assignment of executory contracts and unexpired leases, including any objections to the proposed Cure Amounts with respect thereto is March 26, 2013.  As to the question of adequate assurance of future performance, the deadline to file any opposition and supporting evidence thereto with respect to the assumption and assignment of executory contracts and unexpired leases, shall be at the Sale Hearing.  The foregoing deadlines shall be referred to as the "Applicable Objection Deadline".

**PLEASE TAKE FURTHER NOTICE** that failure of any person or entity to file an objection on or before the Applicable Objection Deadline, or at the Sale Hearing, as applicable, shall be deemed to constitute consent to the sale of the Acquired Assets to the Buyer and the other relief requested in the Motion, and be a bar to the assertion of any objection to the Motion, the Auction, the sale of the Acquired Assets, or the  Debtor's consummation and performance of the terms of the asset purchase agreement entered into with the Buyer (including, without limitation, the sale of the Acquired Assets and Assigned Contracts free and clear of all claims and liens), if authorized by the Court.

**PLEASE TAKE FURTHER NOTICE** that failure of the non-debtor parties to the executory contracts and unexpired leases that may be assumed and assigned in connection with the sale to object to the assumption and assignment of their contracts and leases including any objections to their proposed Cure Amount or adequate

- 3 -

assurance of future performance by the Buyer prior to the Applicable Objection Deadline, or at the Sale Hearing, as applicable, shall constitute deemed acceptance of the relief requested in the Motion with respect to such executory contracts and unexpired leases.

**PLEASE TAKE FURTHER NOTICE** that a form of APA is attached as <u>Exhibit 4</u> to the Motion and the JS LOI has also been filed with the Court.  The Acquired Assets subject to sale pursuant to the APA principally comprise: (a) substantially all of the personal property, tangible and intangible, owned by the Debtor, that is used in the operation of the Debtor's business; (b) permits; (c) certain executory contracts and unexpired personal property leases of the Debtor to be specified by the Buyer; (d) certain administrative assets, (e) certain intellectual property; and (f) the equity securities held by the Debtor in certain of its subsidiaries.

**PLEASE TAKE FURTHER NOTICE** that the base purchase price proposed in the JS LOI (the "<u>APA Purchase Price</u>"), which is subject to further negotiation with potential purchasers and overbid at the Auction, is comprised of: (i) $1,000,000 in cash, payable at the closing of the sale to the Debtor's bankruptcy estate; (ii) either (x) assumption of the secured obligations as set forth in the DIP Loan as such obligations are outstanding on the date of the closing of the sale (the "<u>DIP Loan Obligations</u>"), in the form of a replacement loan or exit facility with a maturity date of December 31, 2015 on substantially similar terms and conditions as the DIP Loan (or as otherwise agreed by the DIP Lenders) or (y) payment in full in cash of the DIP Loan Obligations at the closing of the sale; and (iii) assumption of certain other liabilities described in section 2.1 of the APA and the JS LOI (together with the DIP Loan Obligations, the "<u>Assumed Liabilities</u>").  By way of example, assuming both the DIP Loan is fully funded at $17,086,000 (inclusive of $500,000 for the fees of the DIP Lenders) and a mandatory prepayment or setoff of $1.1 million occurs, the secured obligations would be $15,986,000.  As set forth in the JS LOI, the Stalking Horse Bidder is not acquiring the rights to receive the first $5,000,000 of payments on account of those certain shareholder notes owned by the Debtor.  Subject to the consent of the DIP Lenders, which have a security interest in the shareholder notes, under the terms of the JS LOI such funds are contemplated to remain with the bankruptcy estate.

**PLEASE TAKE FURTHER NOTICE** that this notice of the Auction and Sale Hearing is subject to the full terms and conditions of the Motion, the Bid Procedures Order and the Bid Procedures, which shall control in the event of any conflict, and the Debtor encourages parties in interest to review such documents in their entirety.

DATED: March 13, 2013                                   GREENBERG GLUSKER FIELDS CLAMAN
                                                        & MACHTINGER LLP

                                                        By: */s/ Courtney E. Pozmantier*
                                                        COURTNEY E. POZMANTIER
                                                        Proposed General Bankruptcy Attorneys for
                                                        Debtor and Debtor in Possession

- 4 -

EXH 1
6

# EXHIBIT "A"

EXHIBIT A

**Bid Procedures**

These bid procedures (the "Bid Procedures") set forth the process by which Rhythm And Hues, Inc. (the "Debtor"), the debtor and debtor in possession in a chapter 11 bankruptcy case pending in the United States Bankruptcy Court for the Central District of California (the "Court"), No. 2:13-bk-13775-NB, is authorized to conduct a sale by auction (the "Auction") of the Acquired Assets (as defined herein).

1.      Motion for Court Approval of Sale. On March 2, 2013, the Debtor filed with the Court and served *Debtor's Motion For Orders: (1) Approving Sale Of Debtor's Assets Under Asset Purchase Agreement Free And Clear Of Liens, Claims And Interests, (2) Approving Assumption And Assignment Of Unexpired Leases And Executory Contracts, (3) Approving Certain Bid And Auction Procedures, Including A Break-Up Fee, (4) Setting Date And Time For Hearing On Proposed Sale, And (5) Approving Form Of Notice Of Auction And Sale Hearing* (the "Sale Motion").  On March 7, 2013, the Debtor entered into a letter of intent with JS Communications Co., Ltd. (the "JS LOI" and "JS Communications", respectively), pursuant to which JS Communications proposes to enter into negotiations for the possible purchase of the Acquired Assets (as defined herein) as the stalking horse bidder (the "Stalking Horse Bidder"). The JS LOI was submitted to the Court as Exhibit 1 to the *Supplemental Declaration of Peter S. Fishman* in support of the Sale Motion [Docket No. 101] (the "Supplemental Fishman Declaration").  The Sale Motion sought (i) approval of these bid procedures (the "Bid Procedures"); (ii) authority to hold the Auction, if necessary; (iii) a hearing (the "Sale Hearing") to approve the sale, free and clear of all liens, claims, interests and encumbrances, of substantially all the assets of the Debtor in accordance with either the asset purchase agreement attached to the Sale Motion as Exhibit 4 or such other asset purchase agreement (collectively, the "APA") as may be agreed upon by the Debtor with the Stalking Horse Bidder or the Buyer (as defined herein); (iv) authority to assume and assign certain executory contracts and unexpired leases; (v) approval of a break-up fee (the "Break-Up Fee") provided for in the JS LOI; and (vi) approval of the form of notice of these Bid Procedures, the Auction (if one is held), and the Sale Hearing.

2.      Entry of Bid Procedures Order. The Court entered its order (the "Bid Procedures Order") approving the Bid Procedures on March 13, 2013.  *See* Docket No. 126.

3.      Stalking Horse Bidder and Break-Up Fee. Pursuant to the Bid Procedures Order, the Debtor's selection of JS Communications as the Stalking Horse Bidder in accordance with the terms of the JS LOI has been approved.  The Bid Procedures Order provides that JS Communications shall be entitled, subject to certain conditions, to a Break-Up Fee of $425,000. Under the terms of the Bid Procedures Order, the deadline for JS Communications to negotiate and execute a definitive APA, with terms that shall be consistent with the terms of the JS LOI, with the Debtor and provide a deposit, also in the amount of $425,000, is March 19, 2013.  JS Communications shall not be entitled to the Break-Up Fee unless, and shall receive payment of the Break-Up Fee only upon consummation of, a sale of the Acquired Assets to a Buyer who pays at least $525,000 in cash above the APA Purchase Price (as defined below).

74262-00017/1906937.14                              1

EXH 1
8

4.      <u>Assets Subject to Sale Pursuant to the APA</u>. The assets that are being offered for sale pursuant to the APA (the "<u>Acquired Assets</u>") are those set forth in the JS LOI and comprise (a) substantially all of the personal property, tangible and intangible, owned by the Debtor, that is used in the operation of the Debtor's business; (b) permits; (c) certain executory contracts and unexpired personal property leases of the Debtor ("<u>Contracts and Leases</u>") to be specified by the prevailing bidder (the "<u>Buyer</u>"); (d) certain administrative assets, (e) certain intellectual property; and (f) the equity securities held by the Debtor in certain of its subsidiaries, all as more specifically described in section 1.1 of the APA and the JS LOI.[1]

5.      <u>Purchase Price</u>. The base purchase price proposed in the JS LOI (the "<u>APA Purchase Price</u>"), which is subject to further negotiation with potential purchasers and overbid at the Auction, is comprised of: (i) $1,000,000 in cash, payable at the closing of the sale to the Debtor's bankruptcy estate; (ii) either (x) assumption of the secured obligations as set forth in the DIP Loan as such obligations are outstanding on the date of the closing of the sale (the "<u>DIP Loan Obligations</u>"), in the form of a replacement loan or exit facility with a maturity date of December 31, 2015 on substantially similar terms and conditions as the DIP Loan (or as otherwise agreed by the DIP Lenders) or (y) payment in full in cash of the DIP Loan Obligations at the closing of the sale; and (iii) assumption of certain other liabilities described in section 2.1 of the APA and the JS LOI (together with the DIP Loan Obligations, the "<u>Assumed Liabilities</u>"). By way of example, assuming both the DIP Loan is fully funded at $17,086,000 (inclusive of $500,000 for the fees of the DIP Lenders) and a mandatory prepayment or setoff of $1.1 million occurs, the secured obligations would be $15,986,000.  As set forth in the JS LOI, the Stalking Horse Bidder is not acquiring the rights to receive the first $5,000,000 of payments on account of those certain shareholder notes owned by the Debtor.  Subject to the consent of the DIP Lenders, which have a security interest in the shareholder notes, under the terms of the JS LOI such funds are contemplated to remain with the bankruptcy estate.

6.      <u>Sale Hearing</u>. Pursuant to the Bid Procedures Order, a hearing on the Sale Motion, including to approve the sale of the Acquired Assets in accordance with the Buyer's APA and the assumption and assignment of executory contracts and unexpired leases of the Debtor, and the other relief requested in the Sale Motion, will be held on March 28, 2013, at 3:00 p.m. (Pacific Time), or as soon thereafter as can be heard (the "<u>Sale Hearing</u>"), before the Honorable Neil W. Bason, United States Bankruptcy Judge, or such other judge presiding over such hearing, at the United States Bankruptcy Court for the Central District of California, Los Angeles Division, Edward R. Roybal Federal Building and Courthouse, 255 E. Temple Street, Los Angeles, CA 90012.

7.      <u>Due Diligence</u>. All due diligence must be completed by an interested party prior to the deadline for submitting a Qualified Bid (defined below).  Any party that wishes to conduct due diligence or wishes to obtain a copy of the JS LOI or APA to be executed by JS

---

[1]      Any discussion or description herein of the terms of the APA (including the identification of the Acquired Assets subject to the APA) is qualified in its entirety by the terms of the JS LOI and the APA itself, each of which should be reviewed in their entirety by any interested parties.

Communications should promptly contact the Debtor's investment banker, Houlihan Lokey, Attn: Peter S. Fishman, Telephone: (415) 273-3619, or Harry Kang, Telephone: (310) 788-5385, 10250 Constellation Blvd. 5th Floor, Los Angeles, CA  90067, pfishman@hl.com, hkang@hl.com.  Before the Debtor provides any confidential information to an interested party, such interested party shall have delivered to the Debtor a fully executed confidentiality agreement in a form reasonably acceptable to the Debtor (the "Confidentiality Agreement").  The Debtor, after consultation with its advisors and the DIP Lenders, may impose any and all limitations, restrictions or conditions upon an interested party's ability to conduct due diligence that the Debtor deems reasonably necessary to (i) avoid disruption of the Debtor's operation; (ii) preserve the value of the Acquired Assets; (iii) protect confidential, proprietary or otherwise sensitive information; or (iv) address any other concerns the Debtor has with respect to any particular factual circumstances surrounding or unique to any particular party (such as if a party is a competitor of the Debtor). The Debtor makes no representation or warranty as to the information to be provided through the due diligence process or otherwise, except to the extent set forth in a definitive asset purchase agreement with the Buyer, or in the APA, as executed and delivered by the Debtor.

8.      Consideration of Bids. Any party wishing to bid for the Acquired Assets at the Auction (a "Prospective Bidder") must have first submitted, pursuant to the requirements of these Bid Procedures, an initial, qualified bid ("Qualified Bid").  A bidder who submits a Qualified Bid in accordance with the procedures specified herein is a "Qualified Bidder."

9.      Submission of a Qualified Bid. To become a Qualified Bidder, a Prospective Bidder must submit a Qualified Bid in writing to the Debtor, the DIP Lenders, and the members of the Official Committee of Unsecured Creditors ("Committee") (collectively, the "Bid Notice Parties") on or before 5:00 pm (Pacific Time) on March 22, 2013 (the "Bid Deadline").  The Debtor will as promptly thereafter as possible, and in any event prior to the commencement of the auction, notify each Prospective Bidder whether it has been deemed a Qualified Bidder. Provided the Stalking Horse Bidder has, in the opinion of the Debtor in reasonable consultation with the Bid Notice Parties, executed and delivered to the Debtor by March 19, 2013 an APA with terms consistent with those contained in the JS LOI and as otherwise required of a Qualified Bid, the Stalking Horse Bidder shall be deemed to have submitted a Qualified Bid and to be a Qualified Bidder.

10.      Bid Notice Parties. The service information for the Bid Notice Parties is as follows:

    a.   The Debtor: Greenberg Glusker Fields Claman & Machtinger LLP, Attn: Brian L. Davidoff, Esq., and C. John M. Melissinos, Esq., 1900 Avenue of the Stars, 21st Floor, Los Angeles, California 90067-4095, bdavidoff@greenbergglusker.com. jmelissinos@greenbergglusker.com

    b.   The DIP Lenders: Jones Day, Attn: Richard Wynne, Esq. and Lori Sinanyan, Esq., 255 South Flower Street, Fiftieth Floor, Los Angeles, CA 90071, rwynne@jonesday.com, lsinanyan@jonesday.com.

    c.  <u>The Committee</u>: Stutman, Treister & Glatt, Professional Corporation, Attn: Gary E. Klausner, Esq. and H. Alexander Fisch, Esq., 1901 Avenue of the Stars, 12th Floor, Los Angeles, CA 90067, gklausner@stutman.com, <u>afisch@stutman.com</u>.

11.    <u>Requirements for a Qualified Bid</u>. Each Prospective Bidder, by submitting a bid, shall be deemed to acknowledge that it understands and is bound by the terms of the Bid Procedures and the Bid Procedures Order. To be designated a Qualified Bid, a bid must be submitted prior to the Bid Deadline (a "<u>Submitted Bid</u>") and must satisfy the following requirements:

    a.  A Submitted Bid must be submitted in the form of an executed purchase agreement in the form of the APA, fully executed by the Prospective Bidder, and must be black-lined off the APA to show changes thereto.

    b.  A Submitted Bid must provide for a purchase price that exceeds the APA Purchase Price by at least $525,000 and be comprised of at least the following: (i) payment of the Cure Amounts, if any, (ii) either (x) payment in full of the DIP Loan Obligations in cash at the closing of the sale, or (y) assumption of the DIP Loan Obligations; (iii) assumption of all other Assumed Liabilities set forth in the APA; and (iv) $1,525,000 in cash in immediately available funds to be delivered to the Debtor's estate at the closing. In addition, a Submitted Bid must propose that the Prospective Bidder is not acquiring the rights to receive the first $5,000,000 of payments on account of those certain shareholder notes owned by the Debtor, or provide additional consideration to match such benefit to the estate under the terms of the APA.

    c.  If the DIP Loan Obligations are proposed to be assumed, a fully executed loan agreement in the form of the DIP Loan Agreement must be submitted by the Prospective Bidder, and must be black-lined off the DIP Loan Agreement to show changes thereto. Copies of the DIP Loan Agreement will be provided to Prospective Bidders.

    d.  A Submitted Bid must be accompanied by a good faith deposit by wire transfer, certified or cashier's check, in the amount of not less than $425,000 ("<u>Good Faith Deposit</u>"). The Good Faith Deposit(s) shall be held in a segregated debtor in possession bank account. The Good Faith Deposits of all Prospective Bidders, other than the Buyer, shall be returned in accordance with the procedures set forth in paragraph 15 below.

    e.  If not previously delivered to the Debtor, a Submitted Bid must be accompanied by an executed confidentiality agreement, in form and substance satisfactory to the Debtor.

    f.  At or prior to the Bid Deadline, a Prospective Bidder must provide written evidence of an irrevocable commitment for financing, without any contingency other than the entry of the Sale Order approving the Prospective Bidder as the Buyer, or other satisfactory written evidence that the Prospective Bidder has the financial ability to

close the transaction contemplated in the Submitted Bid and to pay the cash component of its proposed purchase price in cash by the earlier of the closing date described in the Submitted Bid, or March 29, 2013 (the "Financial Evidence").

g.  The Financial Evidence shall also include evidence of the Prospective Bidder's ability to provide adequate assurance of future performance under any executory contract or unexpired lease to be assumed and assigned to the Prospective Bidder under the Prospective Bidder's proposed asset purchase agreement.

h.  The Submitted Bid must be accompanied by a board resolution or other similar document demonstrating the authority of the Prospective Bidder to submit, execute, deliver and close the proposed sale transaction.

i.  The Submitted Bid must include an acknowledgement and representation that the Prospective Bidder: (i) has had an opportunity to conduct any and all due diligence regarding the Acquired Assets prior to making its offer, (ii) has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the Acquired Assets in making its bid, (iii) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Acquired Assets, or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in the APA, and (iv) agrees that any non-disclosure agreement or confidentiality agreement entered into with the Debtor shall be enforceable by the Buyer.

j.  All Prospective Bidders and Qualified Bidders (with the exception of the Stalking Horse Bidder to the extent of the Break-Up Fee) shall bear their own costs and expenses in connection with submission of bids, the Auction, the sale process and preparation of those documents necessary to effectuate a transfer of title of the assets purchased.

The Debtor, in reasonable consultation with the Bid Notice Parties, will determine whether a party submitting a bid (i) has demonstrated the financial capacity to consummate the proposed purchase of the Acquired Assets and provide adequate assurance of future performance in respect of the Contracts and Leases to be assigned to such party, (ii) is reasonably likely to consummate the contemplated transactions if selected as the Buyer, (iii) has obtained the consent of, or is reasonably likely to obtain the consent of, the DIP Lenders to assumption of the DIP Loan, and (iv) has otherwise satisfied the requirements described above.

12.  Contracts and Leases. By March 13, 2013, the Debtor will file with the Court and serve on both the Bid Notice Parties and the non-debtor parties to the Contracts and Leases, a notice ("Contract Notice") (a) indicating the Debtor's estimate of the amounts, if any, required to satisfy the cure and compensation requirements of Bankruptcy Code section 365(b)(1) ("Cure Amount") with respect to all Contracts and Leases that might be assigned in connection with a sale of the Acquired Assets, (b) providing notice that Qualified Bidders may propose to take an assignment of any of the Contracts and Leases, and (c) providing notice of the deadline for

responses or objections to the proposed assumption and assignment of the Contracts and Leases, and the Cure Amount, if any, with respect thereto.  As soon as practicable after the conclusion of the Auction, the Debtor will file with the Court, serve on the affected parties, and post on the Debtor's restructuring website http://www.omnimgt.com/Rhythmhues a notice identifying the Buyer and stating which Contracts and Leases will be assumed and assigned.

13.    <u>Auction Procedures</u>. The Debtor will conduct an Auction on **March 27, 2013 in** the offices of the Debtor's reorganization counsel, Greenberg Glusker Fields Claman & Machtinger LLP, 1900 Avenue of the Stars, 21st Floor, Los Angeles, California 90067-4095, at 9:00 a.m. (Pacific Time), or such other location designated by the Debtor or the Court, in reasonable consultation with the Bid Notice Parties.  If there are two or more Submitted Bids, including that of the Stalking Horse Bidder, the Debtor shall conduct the Auction in any reasonable manner that is not inconsistent with these Bid Procedures and the Bid Procedures Order, and that provides Qualified Bidders with a fair opportunity to participate, subject to the requirements set forth below.

    a. Only Qualified Bidders will be permitted to bid at the Auction.

    b. The highest or best Qualified Bid received for the Acquired Assets will be the Initial Auction Bid.  The cash component of the Initial Auction Bid must exceed by not less than $525,000 the APA Purchase Price.

    c. Each Qualified Bidder must appear in person or through a duly authorized representative at the Auction. After the announcement of the Initial Auction Bid, the Debtor will request additional bidding at the Auction.

    d. A Qualified Bidder may increase its bid as many times as it chooses, provided that each subsequent bid must exceed the prior bid for the Acquired Assets by at least $100,000.  Such increase may take the form of an all cash bid, the assumption of debt, or a combination of both.

    e. Notwithstanding the foregoing, the Stalking Horse Bidder, in lieu of exceeding the prior bid, may also match any competing bid for the Acquired Assets, and the Debtor will deem the Stalking Horse Bidder's matching bid the highest or best offer based on the Break-Up Fee that otherwise would be paid to the Stalking Horse Bidder.

    f. The Auction shall continue until the Buyer has been determined by the Debtor. The Buyer shall be the bidder making the highest or best bid at the Auction for the Acquired Assets, to be determined in the sole but reasonable discretion of the Debtor, in consultation with the Bid Notice Parties.

    g. No bidder shall be deemed the Buyer without the prior approval of the DIP Lenders.

In consultation with the Bid Notice Parties, the Debtor reserves the right prior to, during and after the Auction (subject to review by the Court at the Sale Hearing and consultation with the DIP Lenders), to reject any bid that is not in conformity with these Bid Procedures, the orders of the Court, or the Bankruptcy Code, or in the best interests of the Debtor and its estate, as determined by the Debtor.

14.    Back-Up Bidder. As a condition to qualifying to participate in the Auction, each Qualified Bidder shall be deemed to have consented to serve as a "Back-Up Bidder."  If an Auction is conducted, the party with the next highest bid after the Buyer at the Auction shall be required to serve as the Back-Up Bidder, and such bid is to remain open for acceptance by the Debtor and consummation by the parties up to and including ten (10) business days following March 29, 2013; provided, however, that nothing else herein shall be deemed to modify or otherwise alter any provision in the APA, or any rights of termination set forth in sections 9.1.1 and 9.1.2 of the APA.

15.    Selection of Buyer. Prior to the conclusion of the Auction, or as soon thereafter as practicable, the Debtor, in consultation with the Bid Notice Parties, will: (i) review each Qualified Bid, and consider each Qualified Bid, on the basis, without limitation, of the amount of the purchase price, the form of consideration being offered, the likelihood of the bidder's ability to close a transaction and the timing thereof, the number, type and nature of any changes to the APA requested by each bidder, and the net benefit to the Debtor's estate, (ii) identify the highest or best offer submitted for the Acquired Assets received at the Auction (the "Prevailing Bid"), (iii) designate the party that submitted the Prevailing Bid as the Buyer, and (iv) identify the Back-Up Bidder.  Upon the designation of the Prevailing Bid and the Buyer, the Debtor shall cause the Buyer and the Back-Up Bidder to initial, or otherwise confirm, appropriate changes or modifications to their respective APAs submitted with their Qualified Bids to reflect the terms of their prevailing or back-up bids, as applicable.  Upon the completion of such confirmation to the satisfaction of the Debtor, in consultation with the Bid Notice Parties, the Auction shall be concluded and no further bids shall be considered.  The concluding date and time of the Auction shall be stated on the record.

16.    Results of Auction. Prior to the Sale Hearing, the Debtor will file a notice with the Court indicating whether an Auction was held and, if so, summarizing the Auction and identifying the Buyer and the Back-Up Bidder.  At the Sale Hearing, the Court, pursuant to Bankruptcy Code sections 363 and 365, will consider (i) whether to approve the sale of the Acquired Assets to the Buyer, and to the Back-Up Bidder in the event that the Buyer fails to perform according to the terms of its Prevailing Bid, (ii) whether to approve the assumption and assignment of Contracts and Leases to the Buyer, and (iii) any objections by parties with standing to the entry of an order providing such relief.

17.    Return of Good Faith Deposits.  Except as otherwise provided herein, all Good Faith Deposits shall be returned to each bidder not selected by the Debtor in accordance with the above procedures as the Buyer or the Back-Up Bidder by no later than the fifth (5th) business day following the conclusion of the Auction.  The Good Faith Deposit of the Back-Up Bidder shall be held by the Debtor until ten (10) business days after the Outside Date.

Case 2:13-bk-13775-NB    Doc 128    Filed 03/13/13    Entered 03/13/13 16:30:01    Desc
Main Document    Page 13 of 16

18.    <u>Reservation of Rights; Deadline Extension</u>.  Notwithstanding any of the foregoing, the Debtor reserves its rights, in the exercise of its fiduciary obligations, and after consultation with the Bid Notice Parties, to modify the Bid Procedures or impose, at or prior to the Auction, additional customary terms and conditions on the sale of the Acquired Assets or otherwise modify the APA, including, without limitation, extending the deadlines set forth in these Bid Procedures, modifying bidding increments, adjourning the Auction and/or adjourning the Sale Hearing in open court without further notice, withdrawing from the Auction the Acquired Assets at any time prior to or during the Auction or canceling the Auction, and rejecting any and all Qualified Bids.

EXH 1
15

### PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1900 Avenue of the Stars, 21st Floor, Los Angeles, CA 90067-4590

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF: (1) DEBTOR'S MOTION TO SELL ASSETS PURSUANT TO ASSET PURCHASE AGREEMENT, FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS, AND TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (2) HEARING THEREON, AND (3) OPPORTUNITY TO OVERBID FOR ASSETS** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 13, 2013, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On (*date*) March 13, 2013, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) March 13, 2013, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

VIA OVERNIGHT MAIL
The Honorable Neil W. Bason
United States Bankruptcy Court
255 E. Temple Street, Suite 1552
Los Angeles, CA 90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 13, 2013 | Sonia Gaeta | /s/Sonia Gaeta |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
74262-00017/1911865.1

**F 9013-3.1.PROOF.SERVICE**

EXH 1
16

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Wayne M. Smith with Warner Bros.          wayne.smith@warnerbros.com
Committee member
Yolanda S Aguilar
Courtesy NEF
Lorie A Ball                              lball@peitzmanweg.com
Courtesy NEF
Vivian Bodey                             vivian.bodey@irscounsel.treas.gov
Courtesy NEF
Gail L Chung                             GL@outtengolden.com, JXH@outtengolden.com
Russell Clementson                       russell.clementson@usdoj.gov
for U.S. Trustee
Ronald Clifford                          rclifford@blakeleyllp.com, ecf@blakeleyllp.com; seb@blakeleyllp.com
for Anthony Barcelo
Brian L Davidoff                         bdavidoff@greenbergglusker.com, jreinglass@greenbergglusker.com;
for Rhythm And Hues Inc                  kwoodson@greenbergglusker.com; calendar@greenbergglusker.com;
                                         sgaeta@greenbergglusker.com
H Alexander Fisch                        afisch@stutman.com
for the Official Committee of
Unsecured Creditors
Scott F Gautier                          sgautier@peitzmanweg.com
Courtesy NEF
Ivan L Kallick                           ikallick@manatt.com, ihernandez@manatt.com
Courtesy NEF
Jeffrey A Krieger                        jkrieger@ggfirm.com, kwoodson@greenbergglusker.com;
for Rhythm And Hues Inc                  calendar@greenbergglusker.com; pporooshani@greenbergglusker.com
Mary D Lane                              mal@msk.com, mec@msk.com
Courtesy NEF
C John M Melissinos                      jmelissinos@greenbergglusker.com, jreinglass@greenbergglusker.com;
for Rhythm And Hues Inc                  kwoodson@greenbergglusker.com; calendar@greenbergglusker.com;
                                         sgaeta@greenbergglusker.com
Katie Nownes                             katie@omnimgt.com
Courtesy NEF
Danielle A Pham                          dpham@stutman.com, daniellepham@gmail.com
for the Official Committee Of
Unsecured Creditors
Courtney E Pozmantier                    cpozmantier@greenbergglusker.com, sgaeta@greenbergglusker.com
for Rhythm And Hues Inc
Hamid R Rafatjoo                         hrafatjoo@venable.com, ataylor@venable.com; jnassiri@venable.com;
for Legendary Pictures, LLC              bclark@venable.com
David M Reeder                           david@reederlaw.com, jessica@reederlaw.com
Thomas C. Capizzi
Victor Sahn                              vsahn@sulmeyerlaw.com,
Courtesy NEF                             agonzalez@sulmeyerlaw.com,asokolowski@sulmeyerlaw.com
Claire E Shin                            cshin@greenbergglusker.com, jreinglass@greenbergglusker.com;
for Rhythm And Hues Inc                  kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;
                                         sgaeta@greenbergglusker.com
Lori Sinanyan                            lsinanyan@jonesday.com, lsinanyan@ecf.inforuptcy.com
for Twentieth Century Fox
United States Trustee (LA)               ustpregion16.la.ecf@usdoj.gov
for U.S. Trustee
Howard J Weg                             hweg@peitzmanweg.com
Courtesy NEF
Richard Lee Wynne                        rlwynne@jonesday.com, sjperry@jonesday.com
for Twentieth Century Fox

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                              **F 9013-3.1.PROOF.SERVICE**
74262-00017/1911865.1

**2. SERVED BY UNITED STATES MAIL:**

<u>DEBTOR</u>

John Patrick Hughes, President CFO
2100 East Grand
El Segundo, CA 90245

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state
method for each person or entity served):**

<u>VIA EMAIL</u>

| | |
|---|---|
| Gary E. Klausner, Counsel for Official Committee of Unsecured Creditors. | gklausner@stutman.com |
| Richard L. Wynne, Counsel for DIP Lenders | rlwynne@jonesday.com |
| Joshua Mester, Counsel for DIP Lenders | jmester@jonesday.com |
| Dare Law, for U.S. Trustee | Dare.Law@usdoj.gov |
| Evan Jones, Counsel for Stalking Horse Bidder | ejones@omm.com |
| John F. Hedge, Chief Restructuring Officer of Debtor | jhedge@scouler.com |
| Lloyd B. Sarakin, Vice President and Associate General Counsel for Sony Electronics Inc. | Lloyd.sarakin@am.sony.com |
| Jeffrey Cilley Request for Special Notice | jcjcjc007@yahoo.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                              **F 9013-3.1.PROOF.SERVICE**
74262-00017/1911865.1

EXH 1
18

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
 1900 Avenue of the Stars, 21st Floor, Los Angeles, California  90067-4590


A true and correct copy of the foregoing document entitled: **NOTICE OF SALE OF ESTATE PROPERTY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 13, 2013, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) March 13, 2013, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  March 13, 2013, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 13, 2013 | Sonia Gaeta | /s/Sonia Gaeta |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

74262-00017/1911811.1

**F 6004-2.NOTICE.SALE**

**1.** **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

| | |
|---|---|
| Wayne M. Smith with Warner Bros. Committee member | wayne.smith@warnerbros.com |
| Yolanda S Aguilar Courtesy NEF | |
| Lorie A Ball Courtesy NEF | lball@peitzmanweg.com |
| Vivian Bodey Courtesy NEF | vivian.bodey@irscounsel.treas.gov |
| Gail L Chung | GL@outtengolden.com, JXH@outtengolden.com |
| Russell Clementson for U.S. Trustee | russell.clementson@usdoj.gov |
| Ronald Clifford for Anthony Barcelo | rclifford@blakeleyllp.com, ecf@blakeleyllp.com; seb@blakeleyllp.com |
| Brian L Davidoff for Rhythm And Hues Inc | bdavidoff@greenbergglusker.com, jreinglass@greenbergglusker.com; kwoodson@greenbergglusker.com; calendar@greenbergglusker.com; sgaeta@greenbergglusker.com |
| H Alexander Fisch for the Official Committee of Unsecured Creditors | afisch@stutman.com |
| Scott F Gautier Courtesy NEF | sgautier@peitzmanweg.com |
| Ivan L Kallick Courtesy NEF | ikallick@manatt.com, ihernandez@manatt.com |
| Jeffrey A Krieger for Rhythm And Hues Inc | jkrieger@ggfirm.com, kwoodson@greenbergglusker.com; calendar@greenbergglusker.com; pporooshani@greenbergglusker.com |
| Mary D Lane Courtesy NEF | mal@msk.com, mec@msk.com |
| C John M Melissinos for Rhythm And Hues Inc | jmelissinos@greenbergglusker.com, jreinglass@greenbergglusker.com; kwoodson@greenbergglusker.com; calendar@greenbergglusker.com; sgaeta@greenbergglusker.com |
| Katie Nownes Courtesy NEF | katie@omnimgt.com |
| Danielle A Pham for the Official Committee Of Unsecured Creditors | dpham@stutman.com, daniellepham@gmail.com |
| Courtney E Pozmantier for Rhythm And Hues Inc | cpozmantier@greenbergglusker.com, sgaeta@greenbergglusker.com |
| Hamid R Rafatjoo for Legendary Pictures, LLC | hrafatjoo@venable.com, ataylor@venable.com; jnassiri@venable.com; bclark@venable.com |
| David M Reeder | david@reederlaw.com, jessica@reederlaw.com |
| Thomas C. Capizzi | |
| Victor Sahn Courtesy NEF | vsahn@sulmeyerlaw.com, agonzalez@sulmeyerlaw.com,asokolowski@sulmeyerlaw.com |
| Claire E Shin for Rhythm And Hues Inc | cshin@greenbergglusker.com, jreinglass@greenbergglusker.com; kwoodson@greenbergglusker.com;calendar@greenbergglusker.com; sgaeta@greenbergglusker.com |
| Lori Sinanyan for Twentieth Century Fox | lsinanyan@jonesday.com, lsinanyan@ecf.inforuptcy.com |
| United States Trustee (LA) for U.S. Trustee | ustpregion16.la.ecf@usdoj.gov |
| Howard J Weg Courtesy NEF | hweg@peitzmanweg.com |
| Richard Lee Wynne for Twentieth Century Fox | rlwynne@jonesday.com, sjperry@jonesday.com |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

74262-00017/1911811.1

December 2012                                    Page 4                                    **F 6004-2.NOTICE.SALE**

**2. SERVED BY UNITED STATES MAIL**:

DEBTOR
John Patrick Hughes, President CFO
2100 East Grand
El Segundo, CA 90245

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):

VIA EMAIL

| | |
|---|---|
| Gary E. Klausner, Counsel for Official Committee of Unsecured Creditors. | gklausner@stutman.com |
| Richard L. Wynne, Counsel for DIP Lenders | rlwynne@jonesday.com |
| Joshua Mester, Counsel for DIP Lenders | jmester@jonesday.com |
| Dare Law, for U.S. Trustee | Dare.Law@usdoj.gov |
| Evan Jones, Counsel for Stalking Horse Bidder | ejones@omm.com |
| John F. Hedge, Chief Restructuring Officer of Debtor | jhedge@scouler.com |
| Lloyd B. Sarakin, Vice President and Associate General Counsel for Sony Electronics Inc. | Lloyd.sarakin@am.sony.com |
| Jeffrey Cilley Request for Special Notice | jcjcjc007@yahoo.com |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

74262-00017/1911811.1

*December 2012*                                    Page 5                              **F 6004-2.NOTICE.SALE**