GARY E. KLAUSNER (SBN 69077)
TODD M. ARNOLD (SBN 221868)
LINDSEY L. SMITH (SBN 265401)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 229-1234
Telecopy: (310) 229-1244
Email: gek@lnbyb.com; tma@lnbyb.com, lls@lnbyb.com

Counsel for the AWTR Liquidation Trust

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>AWTR Liquidation, Inc.,<br>f/k/a Rhythm and Hues, Inc.<br><br>                                        Debtor. | Case No. 2:13-bk-13775-NB<br><br>Chapter 11<br><br>**THE AWTR LIQUIDATION TRUST'S CASE STATUS REPORT; DECLARATION OF GARY E. KLAUSNER**<br><br>Status Conference Hearing<br>Date:  March 3, 2015<br>Time:  2:00 p.m.<br>Place: Courtroom 1545<br>            255 E. Temple Street<br>            Los Angeles, CA |

**TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY JUDGE; AND INTERESTED PARTIES:**

The AWTR Liquidation Trust (the "Liquidation Trust") respectfully submits this status report in connection with status conference scheduled for March 3, 2015 at 2:00 pm in the above-captioned Court.

A. **General Background**

AWTR Liquidation, Inc., formerly known as Rhythm and Hues, Inc., the debtor in the above-captioned chapter 11 case (the "Debtor"), and the Official Committee of Unsecured Creditors proposed the "Joint Chapter 11 Plan of Liquidation Filed By Debtor and Official Committee of Unsecured Creditors Dated September 24, 2013" [Docket No. 352] (the "Plan"), which was confirmed by the Court by order [Docket No. 488] (the "Confirmation Order") entered on December 13, 2013. The Plan became effective on December 30, 2013, as a result of which all of the property of the Debtor and its estate was transferred to and became vested in the Liquidation Trust.

B. **Administrative and Priority Claims; WARN Act Litigation**

As required by the Plan, and consistent with the court approved settlement reached between the Debtor, Creditors Committee and certain Class Action Plaintiffs in connection with two lawsuits brought on behalf of former employees of the Debtor for alleged violations of both the California and Federal WARN Act statutes, $1Million was paid to the Class members and the Debtor agreed to pay all priority wage claims in full. Following the Effective Date the Liquidation Trust completed the Debtor's obligations under the settlement and made disbursements to the claimants that held priority wage claims under the Plan.

Also, since the entry of the Confirmation Order, the Liquidating Trust has analyzed several other priority and administrative claims and where necessary objected to such claims. Specifically, on March 24, 2014, the Liquidation Trust filed an objection to Claim No. 207 filed by the State Board of Equalization, which objection was thereafter sustained by Court order entered on August 22, 2014.

Additionally, on August 19, 2014, the Liquidation Trust filed that a Motion for an Order

Disallowing Claims Filed by the Los Angeles County Treasurer and Tax Collector [Docket No. 607], which was thereafter resolved by a stipulation entered into between the Los Angeles County Treasurer and Tax Collector and the Liquidation Trust and filed with the Court on December 9, 2014 [Docket No. 638]. Pursuant to that stipulation, the County's claim which had sought priority in the amount of $126,485.25, was settled and allowed as a priority claim in the amount of $21,000.00 and as a general unsecured claim in the amount of $105,485.25.

Furthermore, since the entry of the Confirmation Order, the Liquidation Trust has avoided litigation and resolved the pre-petition priority wage claims and administrative claims filed by the Motion Pictures Editors Guild, IATSE Local 700 (the "Guild") in the manner set forth in the stipulation entered into between the Guild and the Liquidation Trust that was filed on June 17, 2014.

### C. General Unsecured Claims

The Liquidation Trust is deferring its evaluation of general unsecured claims asserted against the Debtor's estate until the Liquidation Trust determines when such an analysis will be necessary; which will depend upon the outcome of certain pending matters, discussed below, in which the estate is attempting to recover money from third parties.

### D. Insider Claims

Since the entry of the Confirmation Order, the Liquidation Trust has filed several motions to extend the deadline to file objections to certain claims asserted by insiders of the Debtors. Most recently, on February 10, 2015, the Liquidation Trust filed a motion to further extend the deadline to file objections to certain claims to May 15, 2015, which motion is pending. However, as discussed below, in the of the adversary proceeding commenced by the Liquidation Trust against the insiders, it may no longer be necessary to object to the insider claims at issue.

### E. Adversary Proceeding Against Insiders

On February 13, 2015, the Liquidation Trust filed a complaint (the "Complaint") against several insiders of the Debtor thereby commencing Adversary Proceeding Number 2:15-ap-01095-NB (the Insider Adversary"). Pursuant to the Complaint, the Liquidation Trust asserts several claims for reliefs against several insiders of the Debtor, including, but not limited to, breach of fiduciary

3

duty of loyalty and care, aiding and abetting a breach of fiduciary duty, avoidance and recovery of fraudulent and preferential transfers, corporate waste, equitable subordination of claims, unjust enrichment and objection to claims. The Liquidation Trust is in the process of serving the Complaint upon the insider defendants.

### F. IRS Claims and Refunds

The Liquidation Trust is currently in the process of analyzing the tax claims asserted by the Internal Revenue Service (the "IRS") and at the same time attempting to obtain refunds from the IRS that the Liquidation Trust asserts are owing to the estate. The Liquidation Trust is engaged in settlement discussions with the IRS concerning these matters

DATED: February 23, 2015   */s/ Gary E. Klausner*
GARY E. KLAUSNER
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
Counsel for the AWTR Liquidation Trust

4

## **DECLARATION OF GARY E. KLAUSNER**

I, Gary E. Klausner, Esq., hereby declare as follows:

1. I am over the age of 18. I make this declaration in support of the AWTR Liquidation Trust's Case Status Report (the "Status Report"). All capitalized terms not otherwise defined in this Declaration shall have the same meanings ascribed to them as in the Status Report.

2. I am a partner of the law firm of Levene, Neale, Bender, Yoo & Brill L.L.P., counsel for the AWTR Liquidation Trust (the "Liquidation Trust"). I am admitted to practice law before this Court.

3. AWTR Liquidation, Inc., formerly known as Rhythm and Hues, Inc., the debtor in the above-captioned chapter 11 case (the "Debtor"), and the Official Committee of Unsecured Creditors proposed the "Joint Chapter 11 Plan of Liquidation Filed By Debtor and Official Committee of Unsecured Creditors Dated September 24, 2013" [Docket No. 352] (the "Plan"), which was confirmed by the Court by order [Docket No. 488] (the "Confirmation Order") entered on December 13, 2013. The Plan became effective on December 30, 2013, as a result of which all of the property of the Debtor and its estate was transferred to and became vested in the Liquidation Trust.

4. As required by the Plan, and consistent with the court approved settlement reached between the Debtor, Creditors Committee and certain Class Action Plaintiffs in connection with two lawsuits brought on behalf of former employees of the Debtor for alleged violations of both the California and Federal WARN Act statutes, $1Million was paid to the Class members and the Debtor agreed to pay all priority wage claims in full. Following the Effective Date the Liquidation Trust completed the Debtor's obligations under the settlement and made disbursements to the claimants that held priority wage claims under the Plan.

5. Also, since the entry of the Confirmation Order, the Liquidating Trust has analyzed several other priority and administrative claims and where necessary objected to such claims. Specifically, on March 24, 2014, the Liquidation Trust filed an objection to Claim No. 207 filed by the State Board of Equalization, which objection was thereafter sustained by Court order entered on August 22, 2014.

6. Additionally, on August 19, 2014, the Liquidation Trust filed that a Motion for an Order Disallowing Claims Filed by the Los Angeles County Treasurer and Tax Collector [Docket No. 607], which was thereafter resolved by a stipulation entered into between the Los Angeles County Treasurer and Tax Collector and the Liquidation Trust and filed with the Court on December 9, 2014 [Docket No. 638]. Pursuant to that stipulation, the County's claim which had sought priority in the amount of $126,485.25, was settled and allowed as a priority claim in the amount of $21,000.00 and as a general unsecured claim in the amount of $105,485.25.

7. Furthermore, since the entry of the Confirmation Order, the Liquidation Trust has avoided litigation and resolved the pre-petition priority wage claims and administrative claims filed by the Motion Pictures Editors Guild, IATSE Local 700 (the "Guild") in the manner set forth in the stipulation entered into between the Guild and the Liquidation Trust that was filed on June 17, 2014.

8. The Liquidation Trust is deferring its evaluation of general unsecured claims asserted against the Debtor's estate until the Liquidation Trust determines when such an analysis will be necessary; which will depend upon the outcome of certain pending matters, discussed below, in which the estate is attempting to recover money from third parties.

9. Since the entry of the Confirmation Order, the Liquidation Trust has filed several motions to extend the deadline to file objections to certain claims asserted by insiders of the Debtors. Most recently, on February 10, 2015, the Liquidation Trust filed a motion to further extend the deadline to file objections to certain claims to May 15, 2015, which motion is pending. However, as discussed below, in the of the adversary proceeding commenced by the Liquidation Trust against the insiders, it may no longer be necessary to object to the insider claims at issue.

10. On February 13, 2015, the Liquidation Trust filed a complaint (the "Complaint") against several insiders of the Debtor thereby commencing Adversary Proceeding Number 2:15-ap-01095-NB (the Insider Adversary"). Pursuant to the Complaint, the Liquidation Trust asserts several claims for reliefs against several insiders of the Debtor, including, but not limited to, breach of fiduciary duty of loyalty and care, aiding and abetting a breach of fiduciary duty, avoidance and recovery of fraudulent and preferential transfers, corporate waste, equitable subordination of claims,

unjust enrichment and objection to claims. The Liquidation Trust is in the process of serving the Complaint upon the insider defendants.

11. The Liquidation Trust is currently in the process of analyzing the tax claims asserted by the Internal Revenue Service (the "IRS") and at the same time attempting to obtain refunds from the IRS that the Liquidation Trust asserts are owing to the estate. The Liquidation Trust is engaged in settlement discussions with the IRS concerning these matters

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

Executed on this 23rd day of February 2015 at Los Angeles, California.

                         */s/ Gary E. Klausner*_____
                         GARY E. KLAUSNER

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, California   90067.

A true and correct copy of the foregoing document entitled: **THE AWTR LIQUIDATING TRUST'S CASE STATUS REPORT; DECLARATION OF GARY E. KLAUSNER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 23, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Ana B Acevedo    aacevedo@omm.com
- Yolanda S Aguilar    wayne.smith@warnerbros.com
- David E Ahdoot    dahdoot@bushgottlieb.com, rsanthon@bushgottlieb.com
- Todd M Arnold    tma@lnbyb.com
- Lorie A Ball    LBall@robinskaplan.com
- Vivian Bodey    vivian.bodey@irscounsel.treas.gov
- Lisa W Chao    lisa.chao@doj.ca.gov
- Shawn M Christianson    cmcintire@buchalter.com, schristianson@buchalter.com
- Gail L Chung    GL@outtengolden.com, JXH@outtengolden.com;rmasubuchi@outtengolden.com;kdeleon@outtengolden.com
- Ronald Clifford    rclifford@blakeleyllp.com, ecf@blakeleyllp.com;seb@blakeleyllp.com;info@ecf.inforuptcy.com
- Brian L Davidoff    bdavidoff@greenbergglusker.com, kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- Lisa Hill Fenning    Lisa.Fenning@aporter.com, Jean.Kellett@aporter.com
- H Alexander Fisch    Alex.Fisch@doj.ca.gov
- Anthony A Friedman    aaf@lnbyb.com
- Scott F Gautier    SFGautier@rkmc.com
- Barry S Glaser    bglaser@swesq.com, erhee@swesq.com
- Fredric Glass    fglass@fairharborcapital.com
- Brian T Harvey    bharvey@buchalter.com, IFS_filing@buchalter.com;dbodkin@buchalter.com
- Michael C Heinrichs    mheinrichs@omm.com
- Ivan L Kallick    ikallick@manatt.com, ihernandez@manatt.com
- Gary E Klausner    gek@lnbyb.com
- Jeffrey A Krieger    jkrieger@ggfirm.com, kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- Mary D Lane    mal@msk.com, mec@msk.com
- Dare Law    dare.law@usdoj.gov
- C John M Melissinos    jmelissinos@greenbergglusker.com, kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- C John M Melissinos    jmelissinos@greenbergglusker.com, kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- Katie Nownes    katie@omnimgt.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

- Danielle A Pham    dpham@gordonsilver.com
- Courtney E Pozmantier    cpozmantier@greenbergglusker.com, kwoodson@greenbergglusker.com;jking@greenbergglusker.com;calendar@greenbergglusker.com
- Courtney E Pozmantier    cpozmantier@greenbergglusker.com, kwoodson@greenbergglusker.com;jking@greenbergglusker.com;calendar@greenbergglusker.com
- David M Reeder    david@reederlaw.com, jessica@reederlaw.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, agonzalez@sulmeyerlaw.com,agonzalez@ecf.inforuptcy.com;asokolowski@sulmeyerlaw.com;vsahn@ecf.inforuptcy.com
- Claire E Shin    cshin@greenbergglusker.com, jking@greenbergglusker.com;kwoodson@greenbergglusker.com;calendar@greenbergglusker.com
- Lori Sinanyan    lsinanyan@jonesday.com, lsinanyan@ecf.inforuptcy.com
- Alan D Smith    adsmith@perkinscoie.com, DocketLA@perkinscoie.com,nsaldinger@perkinscoie.com,bcosman@perkinscoie.com
- Lindsey L Smith    lls@lnbyb.com
- Scott J Spolin    spolin@sposilco.com, meglic@sposilco.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Richard Lee Wynne    rlwynne@jonesday.com, sjperry@jonesday.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **February 23, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February 23, 2015**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Overnight Mail**
The Honorable Neil Bason
United States Bankruptcy Court
255 East Temple Street, Suite 1552
Los Angeles, CA  90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 23, 2015 | Lisa Masse | /s/ Lisa Masse |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
581313v.1

**F 9013-3.1.PROOF.SERVICE**