GARY E. KLAUSNER (SBN 69077)
TODD M. ARNOLD (SBN 221868)
LINDSEY L. SMITH (SBN 265401)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, CA 90067
Telephone:  (310) 229-1234
Telecopy:  (310) 229-1244
Email:  gek@lnbyb.com; tma@lnbyb.com, lls@lnbyb.com

Counsel for the AWTR Liquidation Trust

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>AWTR Liquidation, Inc.,<br>f/k/a Rhythm and Hues, Inc.<br><br>                                    Debtor. | Case No. 2:13-bk-13775-NB<br><br>Chapter 11<br><br>**THE AWTR LIQUIDATION TRUST'S CASE STATUS REPORT; DECLARATION OF GARY E. KLAUSNER**<br><br>Status Conference Hearing<br>Date:   May 12, 2015<br>Time:   11:00 a.m.<br>Place:  Courtroom 1545<br>            255 E. Temple Street<br>            Los Angeles, CA |

**TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY JUDGE; AND INTERESTED PARTIES:**

The AWTR Liquidation Trust (the "Liquidation Trust") respectfully submits this status report in connection with status conference scheduled for May 12, 2015 at 11:00 am in the above-captioned Court.

**A. General Background**

AWTR Liquidation, Inc., formerly known as Rhythm and Hues, Inc., the debtor in the above-captioned chapter 11 case (the "Debtor"), and the Official Committee of Unsecured Creditors proposed the "Joint Chapter 11 Plan of Liquidation Filed By Debtor and Official Committee of Unsecured Creditors Dated September 24, 2013" [Docket No. 352] (the "Plan"), which was confirmed by the Court by order [Docket No. 488] (the "Confirmation Order") entered on December 13, 2013. The Plan became effective on December 30, 2013, as a result of which all of the property of the Debtor and its estate was transferred to and became vested in the Liquidation Trust.

**B. Administrative and Priority Claims; WARN Act Litigation**

As required by the Plan, and consistent with the court approved settlement reached between the Debtor, Creditors Committee and certain Class Action Plaintiffs in connection with two lawsuits brought on behalf of former employees of the Debtor for alleged violations of both the California and Federal WARN Act statutes, $1Million was paid to the Class members on account of their WARN Act claims and the Debtor agreed to pay all priority wage claims in full. Following the Effective Date, the Liquidation Trust completed the Debtor's obligations under the settlement and made disbursements to the claimants that held priority wage claims under the Plan.

Also, since the entry of the Confirmation Order, the Liquidating Trust has analyzed several other priority and administrative claims and where necessary objected to such claims. Specifically, on March 24, 2014, the Liquidation Trust filed an objection to Claim No. 207 filed by the State Board of Equalization, which objection was sustained by Court order entered on August 22, 2014.

Additionally, on August 19, 2014, the Liquidation Trust filed a Motion for an Order Disallowing Claims Filed by the Los Angeles County Treasurer and Tax Collector [Docket No.

2

607], which was thereafter resolved by a stipulation entered into between the Los Angeles County Treasurer and Tax Collector and the Liquidation Trust and filed with the Court on December 9, 2014 [Docket No. 638]. Pursuant to that stipulation, the County's claim, which had sought priority in the amount of $126,485.25, was settled and allowed as a priority claim in the amount of $21,000.00 and as a general unsecured claim in the amount of $105,485.25.

Furthermore, since the entry of the Confirmation Order, the Liquidation Trust has avoided litigation and resolved the pre-petition priority wage claims and administrative claims filed by the Motion Pictures Editors Guild, IATSE Local 700 (the "Guild") in the manner set forth in the stipulation entered into between the Guild and the Liquidation Trust that was filed on June 17, 2014.

At this juncture, all disputes concerning any administrative and priority claims asserted (except claims asserted by the Internal Revenue Service discussed below) have been resolved.

### C. General Unsecured Claims

The Liquidation Trust is deferring its evaluation of general unsecured claims asserted against the Debtor's estate until the Liquidation Trust determines when such an analysis will be necessary; which will depend upon the outcome of certain pending matters, discussed below, in which the estate is attempting to recover money from third parties.

### D. Insider Claims

Since the entry of the Confirmation Order, the Liquidation Trust has filed several motions to extend the deadline to file objections to certain claims asserted by insiders of the Debtors. Most recently, on February 10, 2015, the Liquidation Trust filed a motion to further extend the deadline to file objections to certain claims to May 15, 2015, which motion was granted by Court order entered on March 16, 2015. However, as discussed below, as a result of the adversary proceeding commenced by the Liquidation Trust against the insiders, it may no longer be necessary to object to the insider claims at issue.

### E. Adversary Proceeding Against Insiders

On February 13, 2015, the Liquidation Trust filed a complaint (the "Complaint") against several former officers and directors of the Debtor thereby commencing Adversary Proceeding

3

Number 2:15-ap-01095-NB (the "Insider Adversary"). Pursuant to the Complaint, the Liquidation Trust asserts several claims for reliefs, including, but not limited to, breach of fiduciary duty of loyalty and care, aiding and abetting a breach of fiduciary duty, avoidance and recovery of fraudulent and preferential transfers, corporate waste, equitable subordination of claims, unjust enrichment and objection to claims. The Complaint has been served on the defendants, which have a deadline of May 18, 2015 to file a response to the Complaint. A status conference in the Insider Adversary is scheduled for June 16, 2015. Certain of the defendants have filed motions for relief from stay to allow the insurance carrier to make advances for their defense costs. Those motions are currently set for hearing on May 12, 2015 at 2:00. The Trust has filed limited oppositions to these motions.

### F. IRS Claims and Refunds

The Liquidation Trust is currently in the process of analyzing the tax claims asserted by the Internal Revenue Service (the "IRS") and at the same time attempting to obtain refunds from the IRS that the Liquidation Trust asserts are owing to the estate. The Liquidation Trust is engaged in settlement discussions with the IRS concerning these matters. The Liquidation Trust believes that there will ultimately be a positive recovery for the Trust.

### G. Conclusion

The Liquidation Trust suggests that the Case Status Conference be continued for approximately 90 days.

DATED: April 28, 2015            */s/ Gary E. Klausner*
                                 GARY E. KLAUSNER
                                 LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
                                 Counsel for the AWTR Liquidation Trust

4

## **DECLARATION OF GARY E. KLAUSNER**

I, Gary E. Klausner, Esq., hereby declare as follows:

1.     I am over the age of 18. I make this declaration in support of the AWTR Liquidation Trust's Case Status Report (the "Status Report"). All capitalized terms not otherwise defined in this Declaration shall have the same meanings ascribed to them as in the Status Report.

2.     I am a partner of the law firm of Levene, Neale, Bender, Yoo & Brill L.L.P., counsel for the AWTR Liquidation Trust (the "Liquidation Trust"). I am admitted to practice law before this Court.

3.     AWTR Liquidation, Inc., formerly known as Rhythm and Hues, Inc., the debtor in the above-captioned chapter 11 case (the "Debtor"), and the Official Committee of Unsecured Creditors proposed the "Joint Chapter 11 Plan of Liquidation Filed By Debtor and Official Committee of Unsecured Creditors Dated September 24, 2013" [Docket No. 352] (the "Plan"), which was confirmed by the Court by order [Docket No. 488] (the "Confirmation Order") entered on December 13, 2013. The Plan became effective on December 30, 2013, as a result of which all of the property of the Debtor and its estate was transferred to and became vested in the Liquidation Trust.

4.     As required by the Plan, and consistent with the court approved settlement reached between the Debtor, Creditors Committee and certain Class Action Plaintiffs in connection with two lawsuits brought on behalf of former employees of the Debtor for alleged violations of both the California and Federal WARN Act statutes, $1Million was paid to the Class members on account of their WARN Act claims and the Debtor agreed to pay all priority wage claims in full. Following the Effective Date, the Liquidation Trust completed the Debtor's obligations under the settlement and made disbursements to the claimants that held priority wage claims under the Plan.

5.     Also, since the entry of the Confirmation Order, the Liquidating Trust has analyzed several other priority and administrative claims and where necessary objected to such claims. Specifically, on March 24, 2014, the Liquidation Trust filed an objection to Claim No. 207 filed by the State Board of Equalization, which objection was sustained by Court order entered on August 22, 2014.

6.     Additionally, on August 19, 2014, the Liquidation Trust filed a Motion for an Order

Disallowing Claims Filed by the Los Angeles County Treasurer and Tax Collector [Docket No. 607], which was thereafter resolved by a stipulation entered into between the Los Angeles County Treasurer and Tax Collector and the Liquidation Trust and filed with the Court on December 9, 2014 [Docket No. 638]. Pursuant to that stipulation, the County's claim, which had sought priority in the amount of $126,485.25, was settled and allowed as a priority claim in the amount of $21,000.00 and as a general unsecured claim in the amount of $105,485.25.

7. Furthermore, since the entry of the Confirmation Order, the Liquidation Trust has avoided litigation and resolved the pre-petition priority wage claims and administrative claims filed by the Motion Pictures Editors Guild, IATSE Local 700 (the "Guild") in the manner set forth in the stipulation entered into between the Guild and the Liquidation Trust that was filed on June 17, 2014.

8. At this juncture, all disputes concerning any administrative and priority claims asserted (except claims asserted by the Internal Revenue Service discussed below) have been resolved.

9. The Liquidation Trust is deferring its evaluation of general unsecured claims asserted against the Debtor's estate until the Liquidation Trust determines when such an analysis will be necessary; which will depend upon the outcome of certain pending matters, discussed below, in which the estate is attempting to recover money from third parties.

10. Since the entry of the Confirmation Order, the Liquidation Trust has filed several motions to extend the deadline to file objections to certain claims asserted by insiders of the Debtors. Most recently, on February 10, 2015, the Liquidation Trust filed a motion to further extend the deadline to file objections to certain claims to May 15, 2015, which motion was granted by Court order entered on March 16, 2015. However, as discussed below, as a result of the adversary proceeding commenced by the Liquidation Trust against the insiders, it may no longer be necessary to object to the insider claims at issue.

11. On February 13, 2015, the Liquidation Trust filed a complaint (the "Complaint") against several former officers and directors of the Debtor thereby commencing Adversary Proceeding Number 2:15-ap-01095-NB (the "Insider Adversary"). Pursuant to the Complaint, the

6

Liquidation Trust asserts several claims for reliefs, including, but not limited to, breach of fiduciary duty of loyalty and care, aiding and abetting a breach of fiduciary duty, avoidance and recovery of fraudulent and preferential transfers, corporate waste, equitable subordination of claims, unjust enrichment and objection to claims. The Complaint has been served on the defendants, which have a deadline of May 18, 2015 to file a response to the Complaint. A status conference in the Insider Adversary is scheduled for June 16, 2015.  Certain of the defendants have filed motions for relief from stay to allow the insurance carrier to make advances for their defense costs.  Those motions are currently set for hearing on May 12, 2015 at 2:00.  The Trust has filed limited oppositions to these motions.

12.    The Liquidation Trust is currently in the process of analyzing the tax claims asserted by the Internal Revenue Service (the "IRS") and at the same time attempting to obtain refunds from the IRS that the Liquidation Trust asserts are owing to the estate. The Liquidation Trust is engaged in settlement discussions with the IRS concerning these matters.  The Liquidation Trust believes that there will ultimately be a positive recovery for the Trust.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

Executed on this 28th day of April 2015 at Los Angeles, California.

_/s/ Gary E. Klausner_____
GARY E. KLAUSNER

7

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, California   90067.

A true and correct copy of the foregoing document entitled: **THE AWTR LIQUIDATION TRUST'S CASE STATUS REPORT; DECLARATION OF GARY E. KLAUSNER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 28, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Ana B Acevedo     aacevedo@omm.com
- Yolanda S Aguilar     wayne.smith@warnerbros.com
- David E Ahdoot     dahdoot@bushgottlieb.com, rsanthon@bushgottlieb.com
- Todd M Arnold     tma@lnbyb.com
- Lorie A Ball     LBall@robinskaplan.com
- Vivian Bodey     vivian.bodey@irscounsel.treas.gov
- Lisa W Chao     lisa.chao@doj.ca.gov
- Shawn M Christianson     cmcintire@buchalter.com, schristianson@buchalter.com
- Gail L Chung     GL@outtengolden.com, JXH@outtengolden.com;rmasubuchi@outtengolden.com;kdeleon@outtengolden.com
- Ronald Clifford     rclifford@blakeleyllp.com, ecf@blakeleyllp.com;seb@blakeleyllp.com;info@ecf.inforuptcy.com
- Brian L Davidoff     bdavidoff@greenbergglusker.com, kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- Lisa Hill Fenning     Lisa.Fenning@aporter.com, Jean.Kellett@aporter.com
- H Alexander Fisch     Alex.Fisch@doj.ca.gov
- Joshua T Foust     , docketing@mintz.com;IHaas@mintz.com
- Joshua T Foust     jtfoust@mintz.com, docketing@mintz.com;IHaas@mintz.com
- Anthony A Friedman     aaf@lnbyb.com
- Scott F Gautier     sgautier@robinskaplan.com
- Barry S Glaser     bglaser@swesq.com, erhee@swesq.com
- Fredric Glass     fglass@fairharborcapital.com
- Melanie Scott Green     Melanie.green@usdoj.gov
- Brian T Harvey     bharvey@buchalter.com, IFS_filing@buchalter.com;dbodkin@buchalter.com
- Michael C Heinrichs     mheinrichs@omm.com
- James Andrew Hinds     jhinds@jhindslaw.com, zbilowit@jhindslaw.com
- Ivan L Kallick     ikallick@manatt.com, ihernandez@manatt.com
- Gary E Klausner     gek@lnbyb.com
- Jeffrey A Krieger     jkrieger@ggfirm.com, kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- Mary D Lane     mal@msk.com, mec@msk.com
- Dare Law     dare.law@usdoj.gov, ron.maroko@usdoj.gov
- John B Marcin     jbm@marcin.com, kej@marcin.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

- C John M Melissinos    jmelissinos@greenbergglusker.com, kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- C John M Melissinos    jmelissinos@greenbergglusker.com, kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- Katie Nownes    katie@omnimgt.com
- Keith C Owens    kowens@venable.com, bclark@venable.com;khoang@venable.com
- Danielle A Pham    dpham@gordonsilver.com
- Courtney E Pozmantier    cpozmantier@greenbergglusker.com, kwoodson@greenbergglusker.com;jking@greenbergglusker.com;calendar@greenbergglusker.com
- Courtney E Pozmantier    cpozmantier@greenbergglusker.com, kwoodson@greenbergglusker.com;jking@greenbergglusker.com;calendar@greenbergglusker.com
- David M Reeder    david@reederlaw.com, jessica@reederlaw.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, agonzalez@sulmeyerlaw.com,agonzalez@ecf.inforuptcy.com;asokolowski@sulmeyerlaw.com;vsahn@ecf.inforuptcy.com
- Paul R Shankman    pshankman@jhindslaw.com
- Brian E Shear    shear@sposilco.com, croot@sposilco.com
- Claire E Shin    cshin@greenbergglusker.com, jking@greenbergglusker.com;kwoodson@greenbergglusker.com;calendar@greenbergglusker.com
- Lori Sinanyan    lsinanyan@jonesday.com, lsinanyan@ecf.inforuptcy.com
- Alan D Smith    adsmith@perkinscoie.com, DocketLA@perkinscoie.com,nsaldinger@perkinscoie.com,bcosman@perkinscoie.com
- Lindsey L Smith    lls@lnbyb.com, lls@ecf.inforuptcy.com
- Angela J Somers    asomers@rctlegal.com, lbroussard@rctlegal.com;abahr@rctlegal.com
- Scott J Spolin    spolin@sposilco.com, meglic@sposilco.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Richard Lee Wynne    rlwynne@jonesday.com, sjperry@jonesday.com
- Barouir B Yeretzian    byeretzian@jhindslaw.com, yeretzian@gmail.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **April 28, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 28, 2015**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

581313v.1

**F 9013-3.1.PROOF.SERVICE**

**Via Attorney Service**
The Honorable Neil Bason
United States Bankruptcy Court
255 East Temple Street, Suite 1552
Los Angeles, CA  90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 28, 2015 | Lisa Masse | /s/ Lisa Masse |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                       **F 9013-3.1.PROOF.SERVICE**
581313v.1