GARY E. KLAUSNER (SBN 69077)
TODD M. ARNOLD (SBN 221868)
LINDSEY L. SMITH (SBN 265401)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 229-1234
Telecopy: (310) 229-1244
Email: gek@lnbyb.com; tma@lnbyb.com, lls@lnbyb.com

Counsel for Solution Trust, as Trustee of the AWTR Liquidation Trust

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>AWTR Liquidation, Inc.,<br>f/k/a Rhythm and Hues, Inc.,<br><br><br>Debtor. | Case No.: 2:13-bk-13775-NB<br><br>Chapter 11 Case<br><br>**MOTION FOR ENTRY OF FINAL DECREE CLOSING DEBTOR'S CHAPTER 11 CASE; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION IN SUPPORT THEREOF**<br><br>Date:    August 7, 2018<br>Time:    1:00 pm<br>Place:   Courtroom "1545"<br>        255 East Temple Street<br>        Los Angeles, CA |

**TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY JUDGE AND ALL INTERESTED PARTIES:**

Solution Trust, as the liquidation trustee of the AWTR Liquidation Trust (the "Trustee"), the successor to AWTR Liquidation, Inc. (f/k/a Rhythm and Hues Inc.) (the "Debtor") respectfully submits this motion (the "Motion") for the entry of a final decree closing the above-captioned bankruptcy case (the "Case").

On February 13, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the Case. After the Petition

Date, the Debtor continued to operate its business and manage its property as a debtor in possession under 11 U.S.C. §§ 1107(a) and 1108.

The Debtor and the Official Committee of Unsecured Creditors proposed the "Joint Chapter 11 Plan of Liquidation Filed By Debtor and Official Committee of Unsecured Creditors Dated September 24, 2013" [Docket No. 352] (the "Plan"), which was confirmed by the Court by order [Docket No. 488] (the "Confirmation Order") entered on December 13, 2013.  The Plan became effective on December 30, 2013, as a result of which all of the property of the Debtor and its estate was transferred to and became vested in the AWTR Liquidation Trust. In accordance with the terms of the Plan, Solution Trust was appointed as the liquidation trustee of the AWTR Liquidation Trust.

All distributions required to be made under the Plan have been made. There are no pending adversary proceedings. There are no disputed claims or pending claim objections. All final applications for approval of compensation and reimbursement of expenses incurred by professionals employed in the Debtor's case have been filed and approved by the Court. All outstanding monthly operating reports and post-confirmation status reports, to the extent not already filed, will be filed before the entry of the final decree. All outstanding fees owed to the Office of the United States Trustee, to the extent not already paid, will be paid prior to entry of the final decree. Since there are no open issues or significant pending matters, and all required distributions, have been made or will be made prior to the entry of the final decrees, the Plan has been substantially, if not fully, consummated, and the estate has been fully administered.

This Motion is based upon 11 U.S.C. § 350, Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 3022-1 and 9014-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California (the "Local Rules"), the annexed memorandum of points and authorities, the declaration of Amanda Demby annexed to this Motion, the notice of this Motion, the entire record in this Case, the statements, arguments, and representations of counsel to be made at the hearing on this

Motion, and any other evidence properly presented to the Court at or prior to the hearing on the Motion, if any.

WHEREFORE, the Debtor respectfully requests that the Court enter an order:

1.      Granting the Motion in its entirety;

2.      Providing for the entry of a final decree closing the Debtor's chapter 11 bankruptcy case and directing the Clerk of the Court to enter a final decree;

3.      Authorizing the termination of the Liquidation Trust and discharge of the Liquidation Trustee; and

4.      Granting such other and further relief as is just and proper under the circumstances.

Dated:  July 13, 2018

By:      /s/ Lindsey L. Smith
GARY E. KLAUSNER
LINDSEY L. SMITH
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
Counsel for Solution Trust, as Trustee of the AWTR Liquidation Trust

3

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**STATEMENT OF FACTS**

1.      Prior to its bankruptcy, AWTR Liquidation, Inc., formerly known as Rhythm and Hues, Inc., the debtor in the above-captioned chapter 11 case (the "<u>Debtor</u>"), was one of the world's leading producers of visual effects ("<u>VFX</u>") and computer-generated ("<u>CG</u>") animation for the entertainment industry. Since its founding in 1987, the Debtor grew to become the largest VFX and CG studio based in Los Angeles. The Debtor provided top-quality VFX and CG animation services for some of Hollywood's highest-grossing films, including *Django Unchained*, *The Hunger Games*, and *The Lord of the Rings*. The Debtor also received numerous industry awards and accolades for its work, including Academy Awards (Best Visual Effects) for *Babe* (1995), *The Golden Compass* (2007), and *Life of Pi* (2013).

2.      On February 13, 2013 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy case in this Court. After the Petition Date, the Debtor continued to operate its business and manage its property as a debtor in possession under 11 U.S.C. §§ 1107(a) and 1108.

3.      The Debtor and the Official Committee of Unsecured Creditors proposed the "Joint Chapter 11 Plan of Liquidation Filed By Debtor and Official Committee of Unsecured Creditors Dated September 24, 2013" [Docket No. 352] (the "<u>Plan</u>"), which was confirmed by the Court by order [Docket No. 488] (the "<u>Confirmation Order</u>") entered on December 13, 2013. The Plan became effective on December 30, 2013, as a result of which all of the property of the Debtor and its estate was transferred to and became vested in the AWTR Liquidation Trust. In accordance with the terms of the Plan, Solution Trust was appointed as the liquidation trustee of the AWTR Liquidation Trust (the "<u>Trustee</u>").

4.      All distributions required to be made under the Plan have been made. There are no pending adversary proceedings.  There are no disputed claims or pending claim objections.  All final applications for approval of compensation and reimbursement of expenses incurred by

1

professionals employed in the Debtor's case have been filed and approved by the Court. All outstanding monthly operating reports and post-confirmation status reports, to the extent not already filed, will be filed before the entry of the final decree. All outstanding fees owed to the Office of the United States Trustee (the "U.S. Trustee"), to the extent not already paid, will be paid prior to entry of the final decree. Since there are no open issues or significant pending matters, and all required distributions have been made or will be made prior to the entry of a final decree, the Plan has been substantially, if not fully, consummated, and the estate has been fully administered.

5.    More specifically, the Plan required payments to the following creditors:

| Class No. | Type Of Claim | Status of Payment |
|---|---|---|
| N/A | Administrative Claims | Paid. |
| N/A | U.S. Trustee Quarterly Fees | 2nd quarter of 2018 fees paid. 3rd quarter of 2018 fees to be paid prior to entry of final decree. |
| N/A | Professional Fees | Paid. |
| N/A | Priority tax claims under Section 507(a)(8) | Paid. |
| Class 1 | Secured Claims | Paid. |
| Class 2 | Priority Non-Tax Claims (including wage claims) | Paid. |
| Class 3 | Class Action Settled Claim | Paid. |
| Class 4 | General Unsecured Claims | Pro Rata Share required to be paid has been paid. GUCs received a 22.49% distribution on account of their claims. |

6.    After payment of the above-mentioned claims, there is $168,429.45 of funds remaining, which shall be used to pay any post-confirmation professional expenses, any outstanding taxes and any outstanding quarterly fees owed to the Office of the United States Trustee. The Trustee has already paid the fees owed to the Office of the United States Trustee in the amount of $4,875.00 for the second quarter of 2018 and estimates that fees in the amount of $24,101.78 will be owed for the third quarter of 2018, which the Trustee will pay prior to the entry of the final decree.

## II.

## ENTRY OF A FINAL DECREE IS APPROPRIATE AT THIS TIME

Rule 3022 of the Federal Rules of Bankruptcy Procedure provides: "After an estate is fully administered in a Chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022. Under Bankruptcy Rule 3022, an estate may be closed even though the payments required by a Chapter 11 plan have not been completed. In re Nicolayson, 228 B.R. 252 (Bankr.E.D.Cal.1998). The case can be closed if the plan has been substantially consummated. In re Gates Community Chapel of Rochester, 212 B.R. 220 (Bankr.W.D.N.Y.1997). The fact that distributions remain to be made in a Chapter 11 case does not preclude the case from being closed. In re Jordan Mfg. Co., 138 B.R. 30 (Bankr.C.D.Ill.1992).

Section 7.18 of the Plan provides "Promptly following the liquidation or other disposition of all Trust Assets, including the Causes of Action, and distribution of all Trust Assets pursuant to the Plan and Liquidation Trust Agreement, and in accordance with the Liquidation Trust Agreement, the Liquidation Trustee will file a motion with the Court to obtain entry of a final decree closing the Case and authorizing the termination of the Liquidation Trust and discharge of the Liquidation Trustee."

There are no pending motions in this Case. All claim objections have been resolved. All final fee applications for all professionals in this Case have been ruled upon. All payments to all creditors under the Plan have been made. Therefore, the Debtor's bankruptcy estate has been fully administered, and, thus, the Court should grant the Motion and enter a final decree closing this Case.

Local Rule 3022-1(b) provides, in pertinent part, that "Notice of the motion [for a final decree] must be served upon all parties upon whom the plan was served." Here, the Trustee has served notice of this Motion on all parties upon whom the Plan (and the solicitation package was served).

///

3

**III.**

**CONCLUSION**

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order:

1.      Granting the Motion in its entirety;

2.      Providing for the entry of a final decree closing the Debtor's chapter 11 bankruptcy case and directing the Clerk of the Court to enter a final decree;

3.      Authorizing the termination of the Liquidation Trust and discharge of the Liquidation Trustee; and

4.      Granting such other and further relief as is just and proper under the circumstances.

Dated:  July 13, 2018

By:      _/s/ Lindsey L. Smith_
GARY E. KLAUSNER
LINDSEY L. SMITH
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
Counsel for Solution Trust, as Trustee of the AWTR Liquidation Trust

4

1    **DECLARATION OF AMANDA DEMBY**

2        I, Amanda Demby, hereby declare as follows:

3        1.    I am the Managing Director of the Trust practice at SltnTrst LLC (dba Solution

4    Trust), the Trustee of the AWTR Liquidation Trust ("Trustee"). As such, I have access to the

5    AWTR Liquidation, Inc.'s (f/k/a Rhythm and Hues Inc.) (the "Debtor") books and records and

6    am familiar with them. I have personal knowledge of the facts set forth below and, if called to

7    testify, I would and could competently testify thereto. All capitalized terms not defined herein

8    shall have the same meanings afforded to them as in the Motion to which this Declaration is

9    annexed.

10        2.    I have reviewed the Trustee's motion (the "Motion") for entry of final decree

11    closing the Debtor's chapter 11 case to which this declaration is attached, and, to the best of my

12    knowledge, I believe all such facts to be true and correct.

13        3.    Prior to its bankruptcy, the Debtor was one of the world's leading producers of

14    visual effects ("VFX") and computer-generated ("CG") animation for the entertainment

15    industry. Since its founding in 1987, the Debtor grew to become the largest VFX and CG studio

16    based in Los Angeles. The Debtor provided top-quality VFX and CG animation services for

17    some of Hollywood's highest-grossing films, including *Django Unchained*, *The Hunger*

18    *Games*, and *The Lord of the Rings*. The Debtor also received numerous industry awards and

19    accolades for its work, including Academy Awards (Best Visual Effects) for *Babe* (1995), *The*

20    *Golden Compass* (2007), and *Life of Pi* (2013).

21        4.    On February 13, 2013 (the "Petition Date"), the Debtor filed a voluntary petition

22    for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned

23    bankruptcy case in this Court. After the Petition Date, the Debtor continued to operate its

24    business and manage its property as a debtor in possession under 11 U.S.C. §§ 1107(a) and

25    1108.

26        5.    The Debtor and the Official Committee of Unsecured Creditors proposed the

27    "Joint Chapter 11 Plan of Liquidation Filed By Debtor and Official Committee of Unsecured

28    Creditors Dated September 24, 2013" [Docket No. 352] (the "Plan"), which was confirmed by

the Court by order [Docket No. 488] (the "Confirmation Order") entered on December 13, 2013.  The Plan became effective on December 30, 2013, as a result of which all of the property of the Debtor and its estate was transferred to and became vested in the AWTR Liquidation Trust. Thereafter, in accordance with the terms of the Plan, Solution Trust was appointed as the liquidation trustee of the AWTR Liquidation Trust.

6.    All distributions required to be made under the Plan have been made. There are no depending adversary proceedings. There are no disputed claims or pending claim objections. All final applications for approval of compensation and reimbursement of expenses incurred by professionals employed in the Debtor's case have been filed and approved by the Court. All outstanding monthly operating reports and post-confirmation status reports, to the extent not already filed, will be filed before the entry of the final decree. All outstanding fees owed to the Office of the United States Trustee (the "U.S. Trustee"), to the extent not already paid, will be paid prior to entry of the final decree. Since there are no open issues or significant pending matters, and all required distributions have been made or will be made prior to the entry of a final decree, the Plan has been substantially, if not fully, consummated, and the estate has been fully administered.

7.    More specifically, the Plan required payments to the following creditors:

| Class No. | Type Of Claim | Status of Payment |
|---|---|---|
| N/A | Administrative Claims | Paid. |
| N/A | U.S. Trustee Quarterly Fees | 2nd quarter of 2018 fees paid. 3rd quarter of 2018 fees to be paid prior to entry of final decree. |
| N/A | Professional Fees | Paid. |
| N/A | Priority tax claims under Section 507(a)(8) | Paid. |
| Class 1 | Secured Claims | Paid. |
| Class 2 | Priority Non-Tax Claims (including wage claims) | Paid. |
| Class 3 | Class Action Settled Claim | Paid. |
| Class 4 | General Unsecured Claims | Pro Rata Share required to be paid has been paid. GUCs received a 22.49% distribution on account of |

| | | their claims. |
|---|---|---|

8.       After payment of the above-mentioned claims, there is $168,429.45 of funds remaining, which shall be used to pay any post-confirmation professional expenses, any outstanding taxes and any outstanding quarterly fees owed to the Office of the United States Trustee. The Trustee has already paid the fees owed to the Office of the United States Trustee in the amount of $4,875.00 for the second quarter of 2018 and estimates that fees in the amount of $24,101.78 will be owed for the third quarter of 2018, which the Trustee will pay prior to the entry of the final decree.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of July, 2018 at Encino, California.

_____
AMANDA DEMBY

1

# PROOF OF SERVICE OF DOCUMENT

2

3

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

4

5

A true and correct copy of the foregoing document entitled **Motion for Entry of Final Decree Closing Debtor's Chapter 11 Case; Memorandum of Points and Authorities and Declaration in Support Thereof** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

6

7

8

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 13, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

9

☒  Service information continued on attached page

10

11

12

**2.   SERVED BY UNITED STATES MAIL**: On **July 13, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

13

14

15

| Dare Law<br>Office of the United States Trustee<br>915 Wilshire Blvd.<br>Suite 1850<br>Los Angeles, CA 90017 | <u>Courtesy Copy</u><br>The Honorable Neil W. Bason<br>United States Bankruptcy Court<br>255 East Temple St., Chambers 1552<br>Los Angeles, CA 90012 |
|---|---|

16

☐  Service information continued on attached page

17

18

19

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 13, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

20

21

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

22

| <u>July 13, 2018</u> | John Berwick | /s/ John Berwick |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

23

24

25

26

27

28

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                      **F 9013-3.1.PROOF.SERVICE**

1

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

2

3
- **Ana B Acevedo**    aacevedo@omm.com
- **Yolanda S Aguilar**    wayne.smith@warnerbros.com
- **David E Ahdoot**    dahdoot@bushgottlieb.com, mrodriguez@bushgottlieb.com

4
- **Todd M Arnold**    tma@lnbyb.com
- **Lorie A Ball**    LBall@robinskaplan.com

5
- **Vivian Bodey**    vivian.bodey@irscounsel.treas.gov
- **Lisa W Chao**    lisa.chao@doj.ca.gov

6
- **Shawn M Christianson**    cmcintire@buchalter.com, schristianson@buchalter.com
- **Gail L Chung**    GL@outtengolden.com,

7
JXH@outtengolden.com;rmasubuchi@outtengolden.com;kdeleon@outtengolden.com;JAR@outtengolden.com;RSR@outtengolden.com;rfisher@outtengolden.com;rima-8863@ecf.pacerpro.com

8
- **Ronald Clifford**    rclifford@blakeleyllp.com, ecf@blakeleyllp.com;seb@blakeleyllp.com;info@ecf.inforuptcy.com

9
- **Brian L Davidoff**    bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com;jking@greenbergglusker.com

10
- **Lisa Hill Fenning**    Lisa.Fenning@apks.com, Jean.Kellett@apks.com
- **H Alexander Fisch**    Alex.Fisch@doj.ca.gov

11
- **Joshua T Foust**    jfoust@crowell.com
- **Anthony A Friedman**    aaf@lnbyb.com

12
- **Scott F Gautier**    sgautier@robinskaplan.com
- **Barry S Glaser**    bglaser@swesq.com, erhee@swesq.com

13
- **Fredric Glass**    fglass@fairharborcapital.com
- **Brian T Harvey**    bharvey@buchalter.com, IFS_filing@buchalter.com;dbodkin@buchalter.com

14
- **Michael C Heinrichs**    mheinrichs@omm.com
- **James Andrew Hinds**    jhinds@jhindslaw.com, zbilowit@jhindslaw.com

15
- **Ivan L Kallick**    ikallick@manatt.com, ihernandez@manatt.com
- **Gary E Klausner**    gek@lnbyb.com

16
- **Jeffrey A Krieger**    jkrieger@ggfirm.com, kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- **Dare Law**    dare.law@usdoj.gov, Kenneth.G.Lau@usdoj.gov;Alvin.mar@usdoj.gov;hatty.yip@usdoj.gov

17
- **Michael K Maher**    mmaher@maherlaw.com
- **John B Marcin**    jbm@marcin.com, kej@marcin.com

18
- **C John M Melissinos**    jmelissinos@greenbergglusker.com, kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com

19
- **C John M Melissinos**    jmelissinos@greenbergglusker.com, kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com

20
- **Courtney E Norton**    cnorton@greenbergglusker.com, kwoodson@greenbergglusker.com;jking@greenbergglusker.com;calendar@greenbergglusker.com

21
- **Katie Nownes**    katie@omnimgt.com
- **Abigail V O'Brient**    avobrient@mintz.com,

22
docketing@mintz.com;CJGreen@mintz.com;DEHashimoto@mintz.com
- **Keith C Owens**    kowens@venable.com, bclark@venable.com;khoang@venable.com;DGlge@venable.com

23
- **Danielle A Pham**    dpham@gordonsilver.com
- **Courtney E Pozmantier**    cpozmantier@greenbergglusker.com, kwoodson@greenbergglusker.com;jking@greenbergglusker.com;calendar@greenbergglusker.com

24
- **David M Reeder**    dmr@vrmlaw.com, jle@vrmlaw.com

25
- **Victor A Sahn**    vsahn@sulmeyerlaw.com, agonzalez@sulmeyerlaw.com,agonzalez@ecf.inforuptcy.com;asokolowski@sulmeyerlaw.com;vsahn@ecf.inforuptcy.com

26
- **Paul R Shankman**    pshankman@jhindslaw.com

27
- **Brian E Shear**    shear@sposilco.com, croot@sposilco.com
- **Claire E Shin**    cshin@greenbergglusker.com, jking@greenbergglusker.com;kwoodson@greenbergglusker.com;calendar@greenbergglusker.com

28
- **Lori Sinanyan**    lsinanyan@jonesday.com, lsinanyan@ecf.inforuptcy.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                           **F 9013-3.1.PROOF.SERVICE**

- **Alan D Smith**    adsmith@perkinscoie.com, DocketLA@perkinscoie.com,ecf-3ac9070a3959@ecf.pacerpro.com,al-smith-9439@ecf.pacerpro.com
- **Lindsey L Smith**    lls@lnbyb.com, lls@ecf.inforuptcy.com
- **Angela J Somers**    asomers@rctlegal.com, lbroussard@rctlegal.com;abahr@rctlegal.com
- **Scott J Spolin**    spolin@sposilco.com, meglic@sposilco.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Richard Lee Wynne**    rlwynne@jonesday.com, sjperry@jonesday.com
- **Joseph J Ybarra**    Joseph.Ybarra@hysmlaw.com
- **Brian Barouir Yeretzian**    byeretzian@jhindslaw.com, yeretzian@gmail.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**